**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| DAWN DI MAGGIO, individually and on behalf of all others similarly situated, | ) ) | Case No.: 1: 24-CV-6144 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **CLASS ACTION** |
| | ) | |
| OUTBACK STEAKHOUSE OF FLORIDA, LLC, | ) ) | **JURY TRIAL DEMANDED** |
| | ) | |
| Defendant. | ) | |
| | ) | |
| | ) | |
| | ) | |
| | ) | |

## CLASS ACTION COMPLAINT

Plaintiff Dawn Di Maggio ("Plaintiff"), individually and on behalf of all others similarly situated, upon personal knowledge of the facts pertaining to her and on information and belief as to all other matters, by and through undersigned counsel, hereby brings this Class Action Complaint against defendant Outback Steakhouse of Florida, LLC ("Defendant" or "Outback").

### I.    NATURE OF THE ACTION

1.    Plaintiff has been a customer of the Outback restaurant chain for many years. Outback advertises itself an Australian steakhouse, but is actually an American chain based in Florida.

2.    Outback restaurants are heavily marketed on television, radio, print-based advertising and online, as well as on in-house promotional signs, menus and signage.

3.    These ads frequently emphasize the unique preparation of Outback food, which is purportedly "made fresh to order," including descriptions of Outback food as "grilled on the barbie" - colloquial for outdoor barbeque in Australia - that uses "wood-fire" and "smokes" its

food – invoking the same food preparation description as restaurants that specialize in offering barbecued food.

4.    Outback offers customers menu items that include: "Grilled Chicken on the Barbie" that is purportedly "wood-fire grilled" ("Chicken"); "Outback Ribs" that are "smoked, brushed and grilled" ("Ribs"); and "Grilled Shrimp on the Barbie" ("Shrimp"). Collectively, these chicken, ribs and shrimp menu items are referred to herein as the "Meals."[1] These descriptions are unique not only to Outback restaurants, but also in comparison to other items on Outback's menu that do not highlight these same preparations including other items that are also grilled.[2]

5.    Customers, including Plaintiff, purchase these Meals from Outback (as with other restaurants) based, in part, on the specific description of the food's preparation at the restaurant at the time that they place their order. In addition to their preference in the style of food preparation, customers will pay a premium for food that cannot be prepared in the same way at home, including with specific cooking equipment, such as a barbeque pit that uses wood-fire or a smoker.

6.    Outback restaurants, however, do not typically have a barbecue pit, one that uses wood-fire or a smoker on the premises, and instead they use traditional, indoor industrial gas or electric kitchen equipment. The use of standard cooking equipment to prepare foods described as made "on the barb[ecue]," that use "wood-fire" and "smoke," renders Outback's statements about the preparation of its Meals inaccurate.

7.    Outback knows that customers will purchase, and pay a premium, for its menu items based in part on the description of how those items are uniquely prepared at Outback

---

[1] Outback offers its Meals in various options such as combination with other foods and on its kids' menu. "Meals" as defined herein include all meals that include Chicken, Ribs and Shrimp. The Meals as described herein are misrepresented in a substantially similar way as barbecued with wood fire and/or smoked in its restaurants.

[2] Outback, Menu Brooklyn, https://www.outback.com/order/menu/brooklyn (last visited Aug. 6, 2024).

restaurants. These items are intended for immediate consumption, whether in the restaurant or through take-out or delivery, instead of through a customers' own cooking preparation.

8.    Unlike Outback's misrepresentations about its food preparation, competitor restaurants to Outback identify that "BBQ chicken" means chicken with BBQ sauce (not made on a barbecue); grilling using an "open flame" (not using wood-fire or coals in a barbecue); and "smoke in-house" (not smoked outside the restaurant).

9.    Furthermore, restaurants that specialize in barbecuing describe their food preparation as "slow and long" cooking or "smoking" on the "barbecue pit" "over [certain types of] wood" – mirroring Outback's representations about its food preparation which are untrue.

10.    Plaintiff brings this class action against Outback on behalf of herself and other customers, who purchased Outback's Meals that were not made on an outdoor barbecue with wood-fire or smoked in its restaurants. Outback falsely represents the manner in which these Meals are prepared, implying the use of specialized equipment that it does not have, causing customers to overpay based on those representations.

11.    Outback is, therefore, liable to Plaintiff and the Class for selling its Meals without disclosing that they are not prepared on an outdoor barbecue with wood-fire or smoker in its restaurants.

12.    Accordingly, Plaintiff, on behalf of herself and other members of the Class, asserts claims for violation of consumer protection statutes and unjust enrichment, and seeks injunctive relief, monetary damages, statutory damages, and all other relief as authorized in equity or by law.

## II.    JURISDICTION AND VENUE

13.    The Court has jurisdiction over Plaintiffs' claims under 28 U.S.C. § 1332(d)(2) ("CAFA"), because: (a) there are 100 or more Class members; (b) at least one Class member is a

citizen that is diverse from Defendant's citizenship; and (c) the matter in controversy exceeds $5,000,000, exclusive of interest and costs.

14.     The Court has personal jurisdiction over Outback, because it is registered as a foreign limited liability company in New York to do business in this State, and has restaurants in New York including in this District. This Court has personal jurisdiction over Defendant because the claims asserted in this complaint arise from Defendant's contacts with this District. Defendant has been afforded due process because it has, at all times relevant to this matter, individually or through its agents, subsidiaries, officers, and/or representatives, operated, conducted, engaged in, and carried on a business venture in New York, and/or marketed, advertised, distributed, and/or sold the Meals, committed a statutory violation within New York related to the allegations made herein, and caused injuries to Plaintiff and the putative Class members, which arose out of the acts and omissions that occurred in the state of New York, during the relevant time period. At that time, Defendant was engaged in business activities in New York.

15.     Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claims asserted in this complaint occurred in New York. Venue is also proper pursuant to 28 U.S.C. § 1391(c) because Defendant conducts substantial business in this District, has sufficient minimum contacts with this District, and otherwise purposely avails itself of the markets in this District through the promotion, sale, and marketing of the Meals it sells in its restaurants in this District.

### III.     PARTIES

16.     Plaintiff Dawn Di Maggio is a resident and citizen of Brooklyn, New York. She has been a frequent customer of Outback's restaurant for many years, including the location in Brooklyn, New York, and purchased the Chicken and Ribs in that restaurant and for take-out and

delivery during the relevant statutory period in New York. Most recently, Plaintiff purchased several Chicken and Ribs during the past year. Plaintiff, and other reasonable consumers, believe that Outback's Chicken advertised as "wood-fire grilled" "on the barbie," Ribs that are "smoked and grilled," and Shrimp that is "grilled on the barbie" are in fact prepared that way in Outback restaurants. When purchasing the Chicken and Ribs, Plaintiff read and reviewed the accompanying description of the Meals on the menus and on Outback's website, and understood those descriptions to be representations by Defendant that the Meals were in fact prepared that way at Outback restaurants, and that Outback's representations were true. Plaintiff read and relied on Outback's representations when deciding to purchase the Chicken and Ribs, and these representations were a basis of the bargain. Had Outback not made the false, misleading, and deceptive representations alleged herein regarding the Meals, Plaintiff would not have been willing to purchase the Chicken and Ribs or paid the price that she paid. Plaintiff paid a price premium for the Chicken and Ribs based on Outback's representations regarding their preparation. Accordingly, Plaintiff was injured and lost money due to Outback's mislabeling and deceptive conduct.

17.    Outback is a Florida limited liability company headquartered in Tampa, Florida. As a chain restaurant, Outback has hundreds of restaurants across the country serving its customers with dine-in, takeout and delivery of its Meals, including in New York. Outback is owned by Bloomin Brands, Inc. a publicly traded company, that also owns other chain restaurants including Carrabba's Italian Grill, Bonefish Grill and Fleming's Prime Steakhouse and Wine Bar and Aussie Grill, a casual off-shoot of Outback.

### IV.    FACTUAL BACKGROUND

### A.  Outback's Advertising to Customers

18.     Outback identifies itself to customers as an Australian steakhouse with hundreds of locations across the country that features Meals "made fresh to order" that are represented to be "grilled on the barbie" (Australian slang for outdoor barbeque)  with "wood-fire grilled," and "smoked" at its restaurants.

19.     In reality, however, Outback is an American-restaurant chain with hundreds of locations across the country that use indoor, industrial kitchen equipment with gas to prepare the food it serves to customers.  Outback's cooking equipment is similar to other restaurants, and does not include barbecue pits that use wood-fire or smokers.

20.     Outback advertises its food items through its menus and other advertising materials in its restaurants, on its website, and in television, radio and digital advertising including but not limited to social media and on other delivery applications.  These items are typically available for purchase in its restaurants for dine-in, take-out or delivery.

21.     In describing its menu, Outback touts that it offers food "made fresh to order and how you want it"[3]:

## OUR MENU

**The boldest flavors that keep you coming back.**
Australia inspires a fresh take on life. That seize-the-day mindset reflects in all we do - especially in our menu. We serve up a wide variety of innovative creations, bold flavors and traditional classics, made fresh to order and how you want it. Enjoy mouthwatering steaks, grilled chicken, ribs, fresh seafood and our world famous Bloomin' Onion® all at affordable prices down under. Don't forget our unique cocktails, wines, premium liquors and beer - domestic, craft, import, and Aussie!

22.     One such item is "Grilled Chicken on the Barbie" that Outback described as

---

[3] Outback, About Us, https://www.outback.com/about-us (last visited Aug. 21, 2024).

"seasoned and ***wood-fire grilled*** chicken breast"[4]:



**Return to Menu** ↶

**GRILLED CHICKEN ON THE BARBIE**

Seasoned and wood-fire grilled chicken breast with our signature BBQ sauce. Served with your choice of two freshly made sides.

Starting at 410 calories

23.    Another item that Outback features is its "Outback Ribs"[5] that Outback describes as "smoked, brushed & grilled":

---

[4] *See, e.g.,* Outback in Edgewater, New Jersey, https://www.outback.com/order/menu/edgewater/products/34360120 (last visited Mar. 26, 2024). In April 2024, Plaintiff sent a demand letter to Defendant outlining these claims to which Defendant did not respond. However, on information and belief in response to the demand letter, Outback changed its "wood-fire grilled Chicken" representation to "grilled chicken." *See* Outback in Brooklyn, New York, https://www.outback.com/order/menu/brooklyn/products/34360137 (last visited July 25, 2024). It continues to describe its Chicken as "Grilled on the Barbie."

[5] Outback in Brooklyn, New York,
https://www.outback.com/order/menu/brooklyn/products/34360015 (last visited July 25, 2024).



**Return to Menu** ↰

**OUTBACK RIBS**

Smoked, brushed & grilled with a tangy BBQ sauce. Served with two freshly made sides.

24.    Outback also features its "Grilled Shrimp on the Barbie" that is purportedly "flame grilled"[6]:

---

[6] Outback in Brooklyn, NY,
https://www.outback.com/menu/brooklyn/category/42904/product/35132628 (last visited Aug. 20, 2024).



**Return to Menu** ↺

## GRILLED SHRIMP ON THE BARBIE

Seasoned with a special blend of herbs and spices then flame grilled. Served with Outback's own garlic toast and classic rémoulade sauce.

25.     Outback has used the marketing strategy of touting its food preparation on a barbeque and "wood-fire grill" for many years. Outback advertised its "Outback's Wood-Fire Grill 3-course Meal for $11.99" as early as 2017. The "wood-fire grilled entrees" were the second course of the special that included Parmesan-Herb Crusted Wood-Fire Grilled Chicken, Wood-Fire Grilled Outback Special Sirloin, Sweet Chili Wood-Fire Grilled Chicken & Shrimp.[7]

---

[7] Mommy Musings, Outback's Wood-Fire Grill 3-course Meal for $11.99, Stefanie Fauquet (post by Outback), Mar. 20, 2017, https://www.mommymusings.com/outbacks-wood-fire-grill-3-course-meal-11-99-outbackbestmates/, (last visited Jul. 31, 2024).



26.     In a review of its "new wood-fire grill menu" in 2011, the reviewer stated that the wood-fire grill preparation was available for Outback's steaks, chicken and seafood dishes. The reviewer focused on the preparation of the food as "flame-grilled ***over oak wood*** which delivers an ***unmistakable, delicious outdoor grill flavor***." In the review, Outback's Senior VP at the time, John Li, was quoted as saying that "[t]he new wood-fire grill option for steak is a perfect addition to Outback's already renowned seasoned and seared grilling method; it's designed specifically to give that ***smoky flavor you can only find by grilling over natural oak wood***. We're now able to let our customers choose exactly how they prefer their steak grilled and flavored."[8]

27.     Dating back over a decade, Outback has highlighted the preparation of its menu items as a way of enticing customers to purchase those items and pay a premium price. Outback knows that customers at restaurants base their purchases, in part, on how the restaurant prepares the food, and that the food items purchased are meant for immediate consumption, either at the restaurant, or at home if purchased for take-out or delivery.

28.     Consistent with its past marketing, Outback advertises the preparation of its Chicken and Shrimp on the "barbie" (barbeque pit) and specifically advertises that its barbecue

---

[8]Atlanta Foodies, Outback Steakhouse Review - New Wood-Fire Grill Menu, Dec. 18, 2011, https://atlantafoodies.blogspot.com/2011/12/outback-steakhouse-review-new-wood-fire.html (last visited Jul. 31, 2024) (emphasis added).

uses "wood-fire" for its Chicken. Outback further advertises the preparation of its Ribs as "grilled and smoked." Outback's advertising of the preparation of the Meals is intended to, and in fact does induce customers to purchase these items based on the method of preparation, and to pay a premium price.

29.    In determining the price point for its menu items, restaurants attribute a certain cost to the preparation, including the cost and time spent by employees cooking the food (labor cost) and special equipment like a barbecue pit that uses wood-fire or a smoker. As a result, reasonable consumers expect to pay a premium for food that requires specialized equipment for preparation.[9]

30.    When customers purchase the Meals based on Outback's representations, customers reasonably believe that the described methods of preparation are actually as described by Outback.

**B.  Outback Misrepresents its Restaurants' Preparation of the Meals**

31.    Outback has described food preparation methods as part of its marketing strategy for many years, and knows that consumers rely upon such representations when placing their orders.  Outback further realizes that these representations cause customers to accept a premium price, based upon the reasonable expectation that Outback's specialized barbecue pit, using wood-fire or smoking equipment necessarily increases the costs of those menu items.

32.    Although Outback no longer features its "wood-fire grill menu," it continues to describe its Chicken and Shrimp as "grilled on the barb[ecue]" including using "wood-fire" for its Chicken and "grilling and smoking" its Ribs. However, despite these representations to customers of how the Meals are cooked, Outback restaurants do not have a barbecue pit, one that uses wood-

---

[9] Webstaurant, Restaurant Menu Pricing,
https://www.webstaurantstore.com/article/129/restaurant-menu-
pricing.html?srsltid=AfmBOorj_9msTxiaTXOeJCQO7fm9WYMDF2cKdfw8E4fxtgANPYdqM
Jcm (last visited Aug. 6, 2024) (discussing menu pricing considering labor costs and equipment).

fire or smokes its food.  Instead, Outback uses standard, indoor industrial kitchen equipment that use gas to cook food, thereby rendering Outback's food preparation representations false and misleading.

33.    Unlike Outback, competitor restaurants do not say that their food is prepared "on a barbecue." Instead, Texas Roadhouse, for example, identifies that its "Grilled BBQ chicken" is grilled chicken with BBQ sauce and "Grilled Chicken" is grilled chicken without BBQ sauce[10]:

---

[10] Texas Roadhouse, Grilled BBQ Chicken, https://www.texasroadhouse.com/location/179-kirkwoodmo/digital-menu/chicken-specialties/grilled-bbq-chicken (last visited Aug. 20, 2024).





Menu / Chicken Specialties

## GRILLED BBQ CHICKEN

**$14.49 | 300 cal**

Marinated ½ lb. breast served with choice of two sides.

**Allergy and Nutritional Info**

---

**CHOOSE OPTION**

**GRILLED BBQ CHICKEN**
$14.49 | 300 cal

**GRILLED CHICKEN (NO BBQ SAUCE)**
$14.49 | 220 cal

34.    Another competitor restaurant, "Applebee's," only describes its "Grilled Chicken

Breast" as "grilled over an open flame"[11] (rather than Outback's description of its Chicken and Shrimp as grilled on the barbecue pit and using wood fire).

35.    Outback even describes some of its other menu items, like salmon, plainly as "grilled" without mentioning that it is done on a "barbecue pit" "with "wood-fire" or "smoked" in contrast to how it describes the Meals.[12]



36.    "Chili's", another competitor of Outback,  also describes its Ribs as "smoked in-house"[13] unlike Outback's "smoked, brushed and grilled" ribs:

---

[11] Applebee's, Grilled Chicken Breast, https://www.applebees.com/en/menu/chicken/grilled-chicken-breast (last visited Aug.20, 2024). Another competitor, Longhorn Steakhouse, features pictures of its chefs grilling its food over a fire grill. Longhorn Steakhouse, "How it's Done," https://www.longhornsteakhouse.com/signature-steaks-and-ingredients (last visited Aug. 20, 2024).

[12] Outback, Brooklyn, NY Menu, "Perfectly Grilled Salmon," https://www.outback.com/menu/brooklyn/category/42904/product/52700648 (last visited Aug. 22, 2024).

[13] Chili's, Half Order of Ribs, https://www.chilis.com/menu/steaks-ribs/half-order-of-ribs (last visited Aug. 20, 2024).



### Half Order of Ribs

A half order of Baby Back Ribs slow-cooked and smoked in-house in your choice of flavor. Served with fries & white cheddar mac & cheese.

START ORDER

37.    Other restaurants offer food prepared on the barbecues over wood and smoked. One such restaurant in New York, called Hill Country, offers food items prepared on a "barbecue pit" (including chicken) that is "smoked" over "post oak wood"[14]:

## Smoked Low and Slow Over Texas Post Oak

Great barbecue doesn't require a long list of ingredients – just the highest quality meat, our simple dry rub, and post oak wood. What's the secret? Low and slow cooking and a heaping portion of TLC from our experienced pitmasters. Barbecue is truly a labor of love!

38.    Dinosaur Bar-B-Que, another barbecue restaurant in New York, also describes the preparation of its food, including chicken and ribs, as "pit smoked" "long, low & slow, fresh throughout the day, using regional hickory & oak [wood]."[15]

39.    Outback knows that when it describes its Chicken and Shrimp as made "on a barbecue" (not only with its BBQ sauce), with "wood-fire" used in barbecues, and claims to "smoke" its Ribs, those descriptions are reasonably interpreted by Outback customers as accurate

---

[14] Hill Country, NYC Menu, https://www.hillcountry.com/new-york-city/ (last visited Aug. 20, 2024).

[15] Dinosaur Bar-b-que, Brooklyn, NY Menu, https://dinosaurbarbque.com/wp-content/uploads/2024/05/Brooklyn_inhouse_Menu_02072024.pdf (last visited Aug. 20, 2024).

descriptions of Outback's methods of food preparation – the same preparation descriptions as other restaurants that offer barbecued food.

40.     When Plaintiff and other reasonable customers ordered and agreed to pay the offered price for the Meals from Outback, the advertised method of preparation was material to their decision to purchase.

41.     When purchasing the Meals, Plaintiff and other reasonable consumers were unaware, and had no reason to believe, that the purported preparation methods were false, and that Outback lacked the necessary kitchen equipment to make those representations accurate. Consumers cannot inspect Outback's kitchens to confirm how their food is prepared, and Outback's advertising led consumers to reasonably believe that the Meals were prepared as stated. Outback did not make any clear, unambiguous or conspicuously displayed statement informing reasonable consumers that the Meals are not prepared as described in its advertising.

42.     Outback therefore deceives customers into making purchases, and paying a premium price, by making false statements about the preparation of the Meals.  Outback's statements about food preparation cannot be true because Outback restaurants are not equipped with barbecue pits, do not use wood-fire, and do not smoke Outback food. Instead, Outback restaurants have only routine commercial kitchen equipment that does not match Outback's food preparation representations.

43.     Outback knows that if it had disclosed the truth about the preparation of the Meals, customers may not have purchased them or paid as much for them.

44.     Had Outback disclosed the truth, that its Meals are not grilled on an outdoor barbeque using wood-fire or a smoker at the restaurant when they are ordered, Plaintiff would not have paid as much for the Meals or would not have ordered them at all.

45.    As a result of Outback's misrepresentations about the Meals' preparation, reasonable consumers, including Plaintiff, relied on the description of the preparation of the Meals and overpaid for them, falsely believing that the Meals are prepared in the manner described by Outback.

46.    Outback's false and misleading representations about its food preparation methods will continue to deceive and mislead reasonable consumers and the public, in the same way that Plaintiff and other Class members have already been deceived.

47.    Plaintiff and the Class members seek statutory and punitive damages, equitable relief, attorneys' fees and costs, and any further relief this Court deems just and proper.

## V.    CLASS ACTION ALLEGATIONS

48.    Plaintiff brings Counts I and III, as set forth below, on behalf of herself and as a class action, pursuant to the provisions of Rule 23 of the Federal Rules of Civil Procedure, defined as:

> All persons who used purchased Outback's Meals in the United States during the fullest period provided by law ("Nationwide Class").

Excluded from the Nationwide Class are Defendant and its affiliates, parents, subsidiaries, employees, officers, agents, and directors. Also excluded is any judicial officer presiding over this matter and the members of their immediate families and judicial staff.

49.    Plaintiff brings Count II, as set forth below, on behalf of herself and as a class action, pursuant to the provisions of Rule 23 of the Federal Rules of Civil Procedure, defined as:

> All persons who purchased Outback's Meals in New York during the fullest period provided by law ("New York Subclass").

Excluded from the New York Subclass are Defendant and its affiliates, parents, subsidiaries, employees, officers, agents, and directors. Also excluded is any judicial officer presiding over this

matter and the members of their immediate families and judicial staff.

50.    Together, the Nationwide Class and the Subclass are the "Class."

51.    Plaintiff reserves the right to modify, change, or expand the definitions of the Class based upon discovery and further investigation.

52.    Certification of Plaintiff's claims for class-wide treatment is appropriate, because Plaintiff can prove the elements of her claims on a class-wide basis, using the same evidence as would be used to prove those elements in individual actions alleging the same claims.

53.    **Numerosity—Federal Rule of Civil Procedure 23(a)(1).** The members of the Class are so numerous that joinder of all Class members would be impracticable. On information and belief, Class members number in the tens if not hundreds of thousands.

54.    **Commonality and Predominance—Federal Rule of Civil Procedure 23(a)(2) and 23(b)(3).** Common questions of law and fact exist as to all Class members and predominate over questions affecting only individual Class members. Such common questions of law or fact include, *inter alia*:

    a.    Whether the Meals were prepared as described;

    b.    Whether a reasonable consumer would consider the preparation of the Meals to be material;

    c.    Whether Defendant knew or should have known that the Meals were not prepared as described;

    d.    Whether Defendant's representations are false or misleading;

    e.    Whether Defendant failed to disclose that the Meals were not prepared as described;

    f.    Whether Defendant concealed that the Meals were not prepared as

- 18 -

described;

g.  Whether Defendant engaged in unfair or deceptive trade practices;

h.  Whether Defendant violated the state consumer protection statutes alleged
    herein;

i.  Whether Defendant was unjustly enriched; and

j.  Whether Plaintiff and the Class members are entitled to monetary damages,
    injunctive relief, or other damages prescribed by the Court.

55.    Outback engaged in a common course of conduct giving rise to the legal rights sought to be enforced by Plaintiff, on behalf of herself and other Class members. Similar or identical common law violations, business practices, and injuries are involved. Individual questions, if any, pale by comparison, in both quality and quantity, to the numerous common questions that predominate in this action.

56.    **Typicality—Federal Rule of Civil Procedure 23(a)(3).** Plaintiff's claims are typical of the claims of the other Class members because, among other things, all Class members were similarly injured through Outback's uniform misconduct described above and were thus all subject to the misrepresentations alleged herein. Further, there are no defenses available to Outback that are unique to Plaintiff.

57.    **Adequacy of Representation—Federal Rule of Civil Procedure 23(a)(4).** Plaintiff is an adequate Class representative because her interests do not conflict with the interests of the other Class members she seeks to represent, she has retained counsel competent and experienced in complex class action litigation, and Plaintiff will prosecute this action vigorously. The Class's interests will be fairly and adequately protected by Plaintiff and her counsel.

58.    **Insufficiency of Separate Actions—Federal Rule of Civil Procedure 23(b)(1).** Absent a representative class action, members of the Class would continue to suffer the harm

described herein, for which they would have no remedy. Even if separate actions could be brought by individual consumers, the resulting multiplicity of lawsuits would cause undue hardship and expense for both the Court and the litigants, as well as create a risk of inconsistent rulings and adjudications that might be dispositive of the interests of similarly situated consumers, substantially impeding their ability to protect their interests, while establishing incompatible standards of conduct for Outback. The Class thus satisfies the requirements of Fed. R. Civ. P. 23(b)(1).

59.     **Superiority—Federal Rule of Civil Procedure 23(b)(3).** A class action is superior to any other available means for the fair and efficient adjudication of this controversy, and no unusual difficulties are likely to be encountered in the management of this class action. The damages or other financial detriment suffered by Plaintiff and the other Class members are relatively small compared to the burden and expense that would be required to individually litigate their claims against Outback, so it would be impracticable for Class members to individually seek redress for Outback's wrongful conduct. Even if Class members could afford individual litigation, the court system could not. Individualized litigation creates a potential for inconsistent or contradictory judgments, and increases the delay and expense to all parties and the court system. By contrast, the class action device presents far fewer management difficulties and provides the benefits of a single adjudication, economy of scale, and comprehensive supervision by a single court.

## VI.  CLAIMS

### COUNT I
### Unjust Enrichment
### (On behalf of Plaintiff and the Class)

60.     Plaintiff incorporates the preceding paragraphs as if fully set forth herein.

61.     Plaintiff and the other Class members conferred a monetary benefit on Outback. Specifically, Plaintiff and the other Class members paid for goods sold by Outback, *i.e.* the Meals, and were entitled to receive Meals prepared in the manner described by Outback.

62.     Outback knew that Plaintiff and the other Class members conferred a financial benefit on Outback. Outback profited from Plaintiff's and the other Class members' purchases of the Meals.

63.     Outback misrepresented the method of preparation for the Meals, and therefore did not provide consumers with the full benefit of their bargain. Outback inequitably acquired the monetary benefit from Plaintiff and other Class Members because it failed to provide them with the Meals prepared as Outback described.

64.     If Plaintiff and the other Class members knew that Outback did not prepare the Meals as described, they would not have purchased the Meals, or would not have paid as much for them.

65.     Plaintiff and the other Class members have no adequate remedy at law.

66.     Under the circumstances, it would be unjust for Outback to be permitted to retain any of the benefits that Plaintiff and the other Class members conferred on it.

67.     Outback should be compelled to disgorge into a common fund or constructive trust, for the benefit of Plaintiff and the other Class members, proceeds that Outback unjustly received from them. In the alternative, Outback should be compelled to refund the amounts that Plaintiff and the other Class members overpaid.

## COUNT II
**Violation of New York General Business Law § 349**
**(On behalf of Plaintiff and the New York Subclass)**

68.     Plaintiffs incorporate by reference all preceding paragraphs as if fully set forth

herein and further allege as follows:

69.    Deceptive Acts and Practices: Outback engaged in deceptive acts and practices by misrepresenting the preparation of its Meals as using a barbeque pit, that uses wood-fire and/or means to smoke its food. This was consumer-oriented conduct that impacted consumers at large and was materially misleading.

70.    Origin of Deceptive Conduct: The deceptive conduct originated from Outback's headquarters in Florida to customers of its restaurants nationwide, and Plaintiff was deceived at Outback's restaurant in New York.

71.    Specific Deceptive Acts:

a. Outback advertised that its Chicken was grilled on the "barbie (barbeque)" with "wood-fire," its Shrimp was "grilled on the barbie (barbeque)" and that its Ribs were "grilled and smoked."

b. Outback failed to disclose that it cooks the Meals using indoor, industrial kitchen equipment, like gas grills, not outdoor barbeques, wood-fire grills or a smoker in its restaurants when customers order the Meals.

c. Outback continues to represent that its Meals are "grilled on the barb(ecue)" and its Ribs are "grilled and smoked" despite knowing these statements are untrue.

72.    Harm to Plaintiff and the New York Subclass Members: As a result of Outback's deceptive practices, Plaintiff and class members suffered financial losses. The method of preparation for the Meals was material to Plaintiff and other customers in deciding whether to purchase the Meals, and how much to pay. Consumers, like Plaintiff, paid more for the Meals based upon Outback's representation of the cooking methods used (*i.e.* on the barbeque, wood-fire grilled and smoked). Those representations were untrue, causing Plaintiff and class members direct

economic harm, and creating future harm from Outback's continued misrepresentation of its preparation methods for the Meals.

73.    Causation: Plaintiff relied on Outback's representations of how it prepared the Meals in deciding whether to purchase the Meals and pay the price she paid. The Class members all suffered harm that was directly caused by Outback's misrepresentations as to how the Meals are prepared.

74.    Geographic Nexus: The deceptive conduct had a sufficient nexus to New York. Outback has restaurants in New York that disseminate Outback's misrepresentations about its methods of preparing the Meals to customers in New York, who in turn make their purchases based upon Outback's misrepresentations. Outback's misrepresentations about the methods by which it prepares the Meals were made to Plaintiff and Class members in New York, who made their purchases at Outback restaurants in New York.

75.    Consumer-Oriented Conduct: Outback's deceptive acts and practices were directed at consumers, including individuals, who purchase Outback's Meals. These consumers reasonably expected that the Meals would be prepared as advertised, using specialized equipment as necessary.

76.    Violation of GBL § 349: Outback's actions constitute violations of New York General Business Law § 349, which prohibits deceptive acts and practices in the conduct of any business, trade, or commerce, or in the furnishing of any service in New York.

77.    The above deceptive and unlawful practices and acts by Defendant caused substantial injury to Plaintiff and Class members that they could not reasonably avoid.

78.    Plaintiff and Class members seek all monetary and non-monetary relief allowed by law, including actual damages and statutory damages of $50 (whichever is greater), treble

damages, declaratory relief, and attorney's fees and costs.

## COUNT III
### Violation of Florida Deceptive and Unfair Trade Practices Act
### (on behalf of Plaintiff and the Class)

79.     Plaintiff realleges and incorporates by reference the preceding paragraphs as if set forth fully herein.

80.     Plaintiff is a "consumer" within the meaning of the Florida Deceptive and Unfair Trade Practices Act ("FDUTPA"), Fla. Stat. § 501.203(7).

81.     Defendant is engaged in "trade or commerce" within the meaning of Fla. Stat. § 501.203(8). Outback is headquartered in Tampa, Florida, and upon information and belief, creates and directs its marketing and advertising from Florida to its restaurants nationwide.

82.     FDUTPA prohibits "[u]nfair methods of competition, unconscionable acts or practices, and unfair or deceptive acts or practices in the conduct of any trade or commerce. . ." Fla. Stat. § 501.204(1). Defendant participated in unfair and deceptive trade practices that violated the FDUTPA as described herein.

83.     In the course of its business, Defendant represented to Plaintiff and Class members that its Meals are prepared in unique and certain ways including "grilled on the barbie (barbeque)," "wood-fire grilled" and "grilled and smoked," while failing to disclose that it only uses indoor, industrial kitchen equipment like a standard gas grill to prepare the Meals.

84.     Defendant also engaged in unlawful trade practices by employing deception, deceptive acts or practices, fraud, misrepresentations or concealment, suppression, or omission of any material fact, likely to deceive a consumer acting reasonably under the circumstances in connection with consume purchases of the Meals.

85.      Defendant knew that it did not prepare the Meals the way that it described to

customers, but elected not to inform consumers of this fact. Instead, Defendant misrepresented that it prepared the Meals using cooking methods that it is unable to utilize in its restaurants, such as on a barbecue pit, using wood-fire and smoking its food.

86.    By failing to disclose the truth about the preparation of the Meals, by misrepresenting their preparation as "grilled on the barbeque," "wood-fire grilled" and "grilled and smoked," Defendant engaged in unfair or deceptive business practices in violation of the FDUTPA. Defendant's deceptive conduct is compounded by its continued misrepresentation of its preparation methods for the Meals, and its failure to take remedial action.

87.    Defendant's unfair or deceptive acts or practices, including these misrepresentations, concealments, omissions, and suppressions of material facts, had a tendency or capacity to mislead and create a false impression in consumers, and were likely to and did in fact deceive reasonable consumers, including Plaintiff and other Class members, about the true cooking methods for preparation of the Meals, and the true value of Meals.

88.    Defendant knew or should have known that its conduct violated the FDUTPA.

89.    As alleged above, Defendant made material statements about the preparation of the Meals that were either false or misleading.

90.    Defendant made these misrepresentations and omissions in written advertising materials, including its menus in stores and on its website, in online advertisements, and in television commercials directed to Plaintiff and other members of the Class at the time of purchase.

91.     Defendant misrepresented the preparation of the Meals to Plaintiff and other customers. Defendant possessed exclusive knowledge of the preparation methods used in its kitchens for the Meals, and yet, made incomplete representations about them and instead created the false impression that Defendant used a barbeque pit, with wood-fire and a smoker in its

restaurants to prepare its Meals when they are ordered by customers, while purposefully withholding material facts from Plaintiff and the Class that contradicted these representations.

92.    Plaintiff and the Class suffered ascertainable loss caused by Defendant's misrepresentations and failure to disclose material information. Had they been aware of the truth about the preparation methods for the Meals, Plaintiff and other Class members would not have purchased the Meals, or else would not have paid as much as they did. As a result of Defendant's misconduct, Plaintiff and other Class members did not receive the benefit of their bargain.

93.    Plaintiff and the Class risk irreparable injury as a result of Defendant's acts and omissions in violation of the FDUTPA, and these violations present a continuing risk to Plaintiff, the Class, and the general public. Defendant's unlawful acts and practices complained of herein affect the public interest.

94.    As a direct and proximate result of Defendant's violations of the FDUTPA, Plaintiff and the Class have suffered injury-in-fact and/or actual damage.

95.    Plaintiff and the Class are entitled to recover their actual damages under Fla. Stat. § 501.211(2) and attorneys' fees under Fla. Stat. § 501.2105(1).

96.    Plaintiff and the Class also seek an order enjoining Defendant's unfair, unlawful, and/or deceptive practices, and awarding declaratory relief, attorneys' fees, and any other just and proper relief available under the FDUTPA.

## VII.    DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury of all claims so triable.

## VIII.    REQUEST FOR RELIEF

WHEREFORE, Plaintiff, individually and on behalf of the other members of the Class proposed in this Complaint, respectfully request that the Court enter judgment in her favor and

against Outback, as follows:

A.   Declaring that this action is a proper class action, certifying the Class as requested herein, designating Plaintiff as Class Representatives, and appointing Class Counsel as requested in Plaintiff's motion for class certification;

B.   Ordering Outback to pay actual damages to Plaintiff and the other members of the Class or statutory damages whichever is greater;

C.   Ordering Outback to pay punitive damages, as allowable by law, to Plaintiff and the other members of the Class;

D.   Ordering Outback to pay attorneys' fees and litigation costs to Plaintiff;

E.   Ordering Outback to pay equitable relief, in the form of disgorgement, restitution, and injunctive relief;

F.   Ordering Outback to pay both pre- and post-judgment interest on any amounts awarded; and

G.   Ordering such other and further relief as may be just and proper.

Date:   September 3, 2024                    Respectfully submitted,

                                             /s/  Jessica Sleater
                                             Jessica J. Sleater
                                             **ANDERSEN SLEATER SIANNI LLC**
                                             64 Laurel Mountain Ct.
                                             Carmel, NY 10512
                                             Tel: (314) 775-4414
                                             Jessica@andersensleater.com

                                             Ralph N. Sianni (applying for EDNY admission)
                                             **ANDERSEN SLEATER SIANNI LLC**
                                             2 Mill road, Suite 202
                                             Wilmington, DE 19806
                                             Tel: (302) 510-8528
                                             rsianni@andersensleater.com